# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2489

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Missouri. |
| Page Properties, Inc.; Mary Joyce, | * | [UNPUBLISHED] |
| | * | |
| Appellees. | * | |

_____

Submitted:  February 11, 1999

Filed:  July 6, 1999

_____

Before WOLLMAN,[1] LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

The United States appeals the district court's[2] refusal to enter civil penalties against Page Properties, Inc. (Page) and Mary Joyce for violations of the Fair Housing Act, 42 U.S.C. § 3614.  We affirm.

_____

[1]The Honorable Roger L. Wollman became Chief Judge of the United States Court of Appeals for the Eighth Circuit on April 24, 1999.

[2]The Honorable Frederick R. Buckles, United States Magistrate Judge for the Eastern District of Missouri, to whom the case was submitted by consent of the parties under 28 U.S.C. § 636(c).

On April 18, 1994, the United States filed this action against Page, the owner of the Hickory House Apartments, and Joyce, the apartment manager. The complaint alleged a pattern and practice of discrimination on the basis of race and familial status in the rental of dwellings in violation of the Fair Housing Act. Following a bench trial, the court found that a pattern and practice did exist as alleged in the complaint. Subsequently, the court entered an injunction against Page, but refused to impose civil penalties against either Page or Joyce.

Under the Fair Housing Act, the district court "may, to vindicate the public interest, assess a civil penalty against the respondent." See 42 U.S.C. § 3614(d)(1)(C). In describing how this provision should be applied, the House Judiciary Committee indicated that these civil penalties

> are maximum, not minimum, penalties, and are not automatic in every case. When determining the amount of a penalty against a defendant the court should consider the nature and circumstances of the violation, the degree of culpability, any history of prior violations, the financial circumstances of that defendant and the goal of deterrence, and other matters as justice may require.

H.R. Rep. No. 100-711, at 40 (1988), reprinted in 1988 U.S.C.C.A.N. 2173, 2201.

To remedy the discrimination in this case, the district court ordered Page to develop a comprehensive policy regarding the selection of tenants, including the maintenance of logs to document the race of all potential tenants and the inclusion of the Fair Housing Logo in its advertising. The district court also awarded the United States costs. In refusing to impose civil penalties against Page and Joyce, the court stated that penalties would do little to deter future discrimination in light of the expansive injunction. Based upon our review of the record, we conclude that the district court did not abuse its discretion in so ruling. See Smith & Lee Assocs., Inc. v. City of Taylor, Mich., 13 F.3d 920, 932 (6th Cir. 1993) (stating that by using the

word "may," the Fair Housing Act gives the district court complete discretion whether to award civil penalties).

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.